IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

JANE DOE and JEAN COE [fictitious names],         Case No. 6:15-cv-00154-JR

                Plaintiffs,                                            O R D E R

     v.

CITY OF EUGENE, PETE KERNS, and
JENNIFER BILLS,

                Defendants.

---

Marianne Dugan
Attorney at Law
259 E. 5th Avenue, Suite 200-D
Eugene, Oregon 97404
      Attorney for plaintiffs

Matthew J. Kalmanson
Hart Wagner, LLP
1000 SW Broadway, Twentieth Floor
Portland, Oregon 97205
      Attorney for defendants.

PAGE 1 - ORDER

AIKEN, Judge:

Magistrate Judge Coffin filed his Findings and Recommendation ("F&R") on January 21, 2016. The matter is now before me pursuant to 28 U.S.C. § 636(b)(1)(B) and Fed. R. Civ. P. 72(b). When a party objects to any portion of the Magistrate's F&R, the district court must make a *de novo* determination of that portion of the Magistrate's report. 28 U.S.C. § 636(b)(1)(B); *McDonnell Douglas Corp. v. Commodore Business Machines*, 656 F.2d 1309, 1313 (9th Cir. 1981). Plaintiff timely filed objections (doc. 49), and defendants filed a response (doc. 50). I have, therefore, given the file of this case a *de novo* review.

I disagree with Judge Coffin's analysis of whether plaintiffs' claims under *Monell v. Department of Social Services of City of New York*, 436 U.S. 658 (1978), are barred by the statute of limitations. For statute of limitations purposes, a *Monell* claim accrues not when the plaintiff becomes aware of the underlying constitutional injury but when "it was clear or should have been clear that a policy or custom of [the municipality] caused the wrongful act." *Matheny v. Clackamas Cnty.*, 2012 WL 171015, *5 (D. Or. Jan. 20, 2012). Accordingly, I decline to adopt the portion of the F&R addressing the statute of limitations.

In all other respects, I adopt Judge Coffin's analysis. I agree plaintiffs have not sufficiently pleaded any of their claims. I also agree dismissal with prejudice is warranted because plaintiffs have failed to cure the deficiencies in the complaint after multiple opportunities to do so.

I ADOPT IN PART and DO NOT ADOPT IN PART Judge Coffin's F&R (doc. 47) as follows: (1) I do not adopt the portion of the F&R regarding the statute of limitations for a *Monell* claim, and (2) I adopt the remaining portions of the F&R. Defendants' motion to dismiss (doc. 40) is GRANTED. This case is DISMISSED with prejudice.

IT IS SO ORDERED.

Dated this 6th day of April 2016.

_____
Ann Aiken
District Judge